UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 1:21-cr-00114-JMS-KMB |
| | ) | |
| GEORGE SISK, | ) -01 | |
| | ) | |
| *Defendant.* | ) | |

**ORDER**

On April 6, 2021, Defendant George Sisk was indicted on one count of Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951(a), one count of Discharging of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii), and one count of Unlawful Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). [Filing No. 28.] Subsequently, he was charged by Superseding Indictment under the same provisions. [Filing No. 96.] After the Court entered various orders regarding Mr. Sisk's mental competency and held numerous hearings, the Court ordered Mr. Sisk committed to the custody of the Attorney General on July 24, 2023 for transfer to a suitable facility designated for competency restoration, and recommended that Mr. Sisk's treatment "be expedited to the extent practicable." [Filing No. 127 at 2 (emphasis omitted).] On November 29, 2023, after Mr. Sisk still had not been transferred, he filed a Motion to Dismiss Indictment and for Immediate Release From Custody.[1] [Filing No. 139.] The Court held a hearing on the Motion to Dismiss on December 20, 2023 and

---

[1] Mr. Sisk actually seeks dismissal of the Superseding Indictment – the operative indictment in this case – but the Court follows the parties' lead and refers generally to the Superseding Indictment as "the Indictment."

1

took the Motion to Dismiss under advisement. [Filing No. 144.] The Court now discusses its ruling below.

## I.
### BACKGROUND

Mr. Sisk's mental competency has been an issue since the beginning of this case. Shortly after the Government filed a Complaint on April 16, 2020, [Filing No. 2], both Mr. Sisk and the Government filed motions relating to Mr. Sisk's mental competency, [Filing No. 10; Filing No. 11; Filing No. 12]. On May 12, 2020, Magistrate Judge Mark Dinsmore ordered that Mr. Sisk undergo a psychological exam pursuant to 18 U.S.C. §§ 4241 and 4247. [Filing No. 13.] Subsequently, Forensic Psychologist Kari Schlessinger stated in a Competency and Criminal Responsibility Evaluation her opinion that Mr. Sisk was mentally competent to proceed, [Filing No. 17], and the Court held a Competency Hearing and also found that he was competent to proceed, [Filing No. 19].

On April 6, 2021, Mr. Sisk was charged by Indictment with one count of Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951(a), one count of Discharging of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii), and one count of Unlawful Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). [Filing No. 28.] On November 16, 2021, Mr. Sisk filed a Renewed Motion for Competency. [Filing No. 46.] The Court granted the Motion and ordered Mr. Sisk to be "committed to the custody of the U.S. Attorney General or his designee for transfer to a suitable facility for competency and sanity examinations pursuant to 18 U.S.C. §§ 4241 and 4247." [Filing No. 47 at 2.]

On June 15, 2022, the Bureau of Prisons ("BOP") submitted a Forensic Psychological Report from Licensed Forensic Psychologist Danielle Restrepo in which she opined that Mr. Sisk was mentally competent to proceed. [Filing No. 52.] On October 26, 2022, Mr. Sisk moved to withdraw his Renewed Motion for Competency, [Filing No. 66], and the Court granted the motion, [Filing No. 71].

The Government filed a Superseding Indictment on February 24, 2023, setting forth substantially the same charges as those contained in the original Indictment. [Filing No. 96.] On February 27, 2023, Mr. Sisk filed a *pro se* Motion to Dismiss Assistant Federal Defenders. [Filing No. 107.] The Court held a hearing on the Motion on March 7, 2023, and determined that there was reasonable cause to believe that Mr. Sisk suffers from a mental disease or defect sufficient to prevent him from conducting trial proceedings by himself. [Filing No. 112 at 2.] The Court ordered that Mr. Sisk be committed to the custody of the United States Attorney General or his designee for transfer to a suitable facility designated as a forensic evaluation site for examination and evaluation by a licensed and certified psychiatrist or clinical psychologist. [Filing No. 112 at 2-3.]

On July 13, 2023, the Court received a Forensic Evaluation Report from Forensic Psychologist Kristin Conlon in which she opined that Mr. Sisk "does not appear appropriate for the continuation of the legal proceedings at this time" and recommended that he "be sent to a setting with a structured program with a specific restoration program." [Filing No. 124 at 21.] The Court held a hearing regarding Mr. Sisk's competency on July 24, 2023, [Filing No. 126], again committed Mr. Sisk to the custody of the Attorney General or his designee for transfer to a suitable

facility designated for competency restoration, and recommended that Mr. Sisk's treatment "be expedited to the extent practicable." [Filing No. 127 at 2 (emphasis omitted).]

On October 23, 2023, the Government filed a Status Report Regarding Competency Restoration in which it relied upon a Declaration from Dr. Dia Boutwell, the Chief of Psychological Evaluations for the BOP. [Filing No. 130.] The Government stated that due to "limited staffing, resources, and bedspace" at facilities suitable for mental health treatment and competency restoration, there are "significant wait times before hospitalization and treatment can commence." [Filing No. 130 at 1-2.] Dr. Boutwell stated in her Declaration that the Federal Medical Center located in Butner, North Carolina ("FMC Butner") is the designated medical facility for Mr. Sisk to undergo competency restoration and that "[t]he likely time frame for admission of Mr. Sisk into FMC Butner is approximately May 2024." [Filing No. 130-1 at 3.]

Mr. Sisk filed his Motion to Dismiss Indictment and for Immediate Release From Custody on November 29, 2023, [Filing No. 139], the Government responded on December 13, 2023, [Filing No. 140], Mr. Sisk filed a reply on December 20, 2023, [Filing No. 143], and the Court held a hearing on December 20, 2023, [Filing No. 144]. Also on December 20, 2023, the Court ordered the Attorney General to transport Mr. Sisk to FMC Butner, pursuant to its July 24, 2023 Order, by January 10, 2024. [Filing No. 145.] On January 3, 2024, the Government filed a Status Report Regarding Competency Restoration in which it advised the Court that Mr. Sisk had arrived at FMC Butner that day for competency restoration treatment. [Filing No. 146.]

In light of the Government's Status Report, the Court ordered Mr. Sisk to file a Report setting forth his position regarding whether his Motion to Dismiss had become moot due to his arrival at FMC Butner. [Filing No. 147.] Mr. Sisk filed a Status Report maintaining that his

4

Motion to Dismiss is not moot, [Filing No. 149], and the Government filed a response to the Status Report in which it argues that dismissal of the Indictment would be improper, [Filing No. 153].

## II.
### DISCUSSION

In his Motion to Dismiss, Mr. Sisk argues that for four months he "has been held in federal pretrial detention due to the government's failure to allocate the resources necessary to adequately assess and treat him." [Filing No. 139 at 2.] He asserts that his expected date to be transferred to FMC Butner is "at least five months past the four-month statutory limit," citing 18 U.S.C. § 4241(d)(1). [Filing No. 139 at 2.] Mr. Sisk argues that the Attorney General could provide the necessary treatment at a non-BOP facility. [Filing No. 139 at 3.] He contends that holding him as a pretrial detainee without treatment for as long as he has been held is a violation of his due process rights, and that "the nature of his pretrial detention may cause further harm and render it less likely that [he] will be restored." [Filing No. 139 at 3.] Mr. Sisk notes that the Department of Justice Manual contemplates dismissing actions against defendants who are "committed to federal custody for psychiatric examination to determine competency to stand trial pursuant to 18 U.S.C. § 4241(d) and 18 U.S.C. § 4247(b), and against defendants found incompetent to stand trial until their competency is restored." [Filing No. 139 at 3-4.] He argues that dismissal is appropriate because "[t]he government has failed to provide a process by which [he] may access statutorily-mandated restoration within a reasonable time." [Filing No. 139 at 4.] He also argues that dismissal is appropriate under Federal Rule of Criminal Procedure 48(b) because "unnecessary delay has stranded Mr. Sisk in pretrial detention for an extensive period of time with no treatment or assessment." [Filing No. 139 at 4.] As to whether his Motion to Dismiss is moot because he has been transferred to FMC Butner, Mr. Sisk argues that moving him "does not erase the due process

5

violation that [he] suffered for months on end," that dismissal of the Indictment is appropriate relief, and that the due process violation he alleges is "capable of repetition, yet evading review." [Filing No. 149 at 1-2 (quotation and citation omitted).]

In its response, the Government asserts that §4241(d)'s four-month limit starts once Mr. Sisk is hospitalized, and points to Dr. Boutwell's Declaration to argue that the delay is "to free up staffing and secure facility space to be able to provide [Mr. Sisk] treatment to restore his competency." [Filing No. 140 at 10.] It argues that dismissal under Fed. R. Crim. P. 48(b) is only appropriate where the delay is "purposeful or oppressive," and it is not here. [Filing No. 140 at 10-11.] Finally, the Government contends that dismissal of the Indictment after Mr. Sisk has been transferred would be contrary to legal precedent and notes again that the delay in transferring Mr. Sisk for treatment was not "unnecessary," but was due to "limited staffing, resources, and bed availability." [Filing No. 153 at 2-4.]

In his reply, Mr. Sisk reiterates his argument that § 4241(d) limits the duration of mandatory commitment to four months, and that the time limit includes any period of pre-hospitalization. [Filing No. 143 at 2-4.] He emphasizes that his due process rights have been violated and asserts that the practice of bumping defendants up the list for transport "cannot stand." [Filing No. 143 at 5-6.] Finally, Mr. Sisk again argues that dismissal is appropriate under Fed. R. Crim. P. 48(b) because "[k]eeping a mentally ill person from treatment is oppressive." [Filing No. 143 at 7.]

6

A. **Whether Dismissal Is Appropriate Under 18 U.S.C. §4241(d) and the Due Process Clause**

18 U.S.C. § 4241(d) provides:

If, after the [competency] hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility—

(1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

(2) for an additional reasonable period of time until –

(A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or

(B) the pending charges against him are disposed of according to law;

whichever is earlier.

The Seventh Circuit Court of Appeals has not addressed the due process concerns with a delay in transporting a defendant for hospitalization pursuant to a commitment order issued under §4241. But the Court finds the Ninth Circuit Court of Appeals' decision in *United States v. Donnelly*, 41 F.4th 1102 (9th Cir. 2022), instructive. There, after the district court issued a commitment order, the defendant had been held for eight months and still had not been hospitalized for treatment and evaluation pursuant to the commitment order. *Id.* at 1106. The court found that the four-month time limit in § 4241(d) does not apply to the pre-hospitalization confinement

7

period, but went on to hold that the pre-hospitalization confinement period can only be as long as reasonably required to "identify an appropriate treatment facility and arrange for the defendant's transportation to that facility." *Id.* at 1105-06. The court declined to adopt a bright-line rule, but found that the eight-month delay "falls outside any constitutional reading of the statute." *Id.* at 1105. The court remanded the case and instructed the district court to order the Attorney General to hospitalize the defendant in a medical facility within seven days. *Id.* at 1107; *see also Jackson v. Indiana*, 406 U.S. 715, 738 (1972) (holding that a defendant "who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future"); *United States v. Raja*, 2023 WL 3497234, at *5-6 (S.D. Ind. May 17, 2023) (noting that "the amount of time a defendant is held after a commitment order cannot be indefinite and must bear a reasonable relation to the purpose of the commitment," finding that defendant's nearly nine-month wait to be transferred to a facility for mental health treatment and evaluation did not "bear[ ] a reasonable relation to the purpose of his detention," but denying defendant's motion to dismiss the indictment and ordering that he be transported within 30 days to a suitable facility pursuant to the Court's previous order).

The Court agrees with the Ninth Circuit's finding in *Donnelly* that the four-month time limit in § 4241(d) does not begin to run until the defendant has been hospitalized. *Donnelly*, 41 F.4th at 1105-06; *see also United States v. Berard*, --- F. Supp. 3d ----, 2023 WL 3178793, at *6-7 (D. N.H. May 1, 2023) ("§ 4241(d)'s four-month clock began…when the government hospitalized [the defendant] in a suitable facility."). It also finds, however, that there are serious due process concerns with the over five month delay in transporting Mr. Sisk to FMC Butner for

8

competency restoration and treatment – a delay that likely only came to an end because the Court ordered that Mr. Sisk be transported. *See Raja*, 2023 WL 3497234, at *5 (finding that nearly nine-month delay in transporting defendant for competency restoration was "longer than a wait that bears a reasonable relation to the purpose of his detention").[2]

Despite the Court's due process concerns, however, it finds that the proper approach – and the approach that numerous courts have taken and that the Court here has already taken – is to give the Government a deadline to transfer the defendant to a medical facility, and to dismiss the indictment only if that deadline is not met. *See Raja*, 2023 WL 3497234, at *5-6; *United States v. Calderon-Chavez*, 2023 WL 5345582, at *11 (W.D. Tex. Aug. 18, 2023) ("[I]nstead of dismissing the Indictment as a first resort, the Court will order the Government to hospitalize the Defendant in a suitable facility under § 4241(d)(1) by September 8, 2023.") (emphasis omitted). Here, the Court ordered the Government to transport Mr. Sisk to FMC Butner by January 10, 2024, [Filing No. 145], and the Government did so, [Filing No. 146].

Indeed, courts that have dismissed indictments based on a delay in transporting the defendant for a competency evaluation and treatment have generally done so either based on the Government's failure to comply with a transfer order or on a finding that the four-month period in § 4241(d) includes the time while the defendant is detained but before he is transported for competency restoration – a position this Court rejects. *See, e.g.*, *United States v. McCarthy*, 2023 WL 8291666, at *3 (M.D. Fla. Nov. 22, 2023) (dismissing indictment where defendant had been

---

[2] The Court rejects the Government's argument that a delay in transporting a defendant for competency restoration can be harmless "if the defendant would otherwise be detained pretrial." [Filing No. 153 at 3 n.2.] This matter is currently set for trial on April 15, 2024 and, while the trial date has not yet been vacated, it is highly likely that the issue of Mr. Sisk's competency will not be resolved by then. In short, it is highly probable that the delay in transporting Mr. Sisk for competency evaluation and restoration will directly affect the trial date.

9

in custody for at least five months waiting for his competency evaluation, and finding that "[w]hen the time waiting for a bed exceeds the time for custodial evaluation, the clock has already run"); United States v. Lara, 2023 WL 3316274, at *2 (D. N.M. May 5, 2023) (court dismissed the indictment after Government failed to transport defendant for competency restoration within seven day-deadline); United States v. Leusogi, 2022 WL 16855426, at *2-4 (D. Utah Nov. 10, 2022) (defendant's motion to dismiss granted where defendant had been held for four months after incompetency finding without being transferred for treatment and restoration and Government failed to meet court-imposed seven day-deadline to transport defendant for treatment).

In sum, the Court finds that the four-month period set forth in § 4241(d) does not begin to run until the defendant is hospitalized for competency treatment and restoration, but that the more than five month delay in being transported for a competency evaluation and treatment that Mr. Sisk has experienced raises serious due process concerns. It further finds, however, that dismissal of the Indictment is not an appropriate remedy under the circumstances of this case since the Court ordered the Government to transfer Mr. Sisk to FMC Butner by January 10, 2024 and it did so. The Court **DENIES** Mr. Sisk's Motion to Dismiss, [Filing No. 139], based on a violation of § 4241(d) and the Due Process Clause.

**B.     Whether Dismissal Is Appropriate Under Fed. R. Crim. P. 48**

Federal Rule of Criminal Procedure 48 provides that "[t]he court may dismiss an indictment, information, or complaint if unnecessary delay occurs in…bringing a defendant to trial." "In general dismissal under Rule 48(b) is appropriate only where there is delay that is purposeful or oppressive." United States v. Ward, 211 F.3d 356, 362 (7th Cir. 2000) (quotation and citation omitted). Here, there is no evidence that the delay in transporting Mr. Sisk was

10

purposeful or oppressive. Dr. Boutwell details in her Declaration that due to "limited staffing, resources, and bedspace" at facilities suitable for mental health treatment and competency restoration, there are "significant wait times for beds [in] restoration facilities." [Filing No. 130-1 at 2-3.] In a second Declaration, Dr. Boutwell acknowledges the BOP's ability to contract with private or state-run facilities pursuant to 18 U.S.C. § 4247(i), but explains that "to date, one has not been located that would meet the statutory requirements of § 4241(d)." [Filing No. 146-1 at 4.] Dr. Boutwell also notes that many state systems are experiencing similar or greater wait times for competency restoration treatment and "are contending with their own bed and staffing shortages." [Filing No. 146-1 at 5; *see also* Alexa Shrake, *Competent to stand trial? Competency evaluations under spotlight in Indiana courts, Legislature*, THE INDIANA LAWYER (Jan. 31, 2024), https://www.theindianalawyer.com/articles/competent-to-stand-trial-competency-evaluations-under-spotlight-in-indiana-courts-legislature (last visited Feb. 8, 2024) (discussing delays in evaluating defendants for competency to stand trial in Indiana courts).]

The Court acknowledges that the issue of delays in undertaking competency evaluations for defendants in federal custody did not develop suddenly. *See United States v. Reeves*, 2023 WL 5736944, at *3 (W.D. N.C. Sept. 5, 2023) ("The United States represents that the shortage of qualified forensic psychologists to staff the psychiatric referral centers, the increased number of competency restoration orders issued by courts, as well as bed space limitations at the psychiatric referral centers are the reason that the wait time for a defendant's transfer to a suitable facility has increased from two to three months to ten to twelve months over the last few years. All of that may be true, but this problem is entirely of the Attorney General's own making. These administrative and bureaucratic deficiencies did not just sneak up on the Attorney General; they

11

have been years in the making and reasonably foreseeable.") (quotations omitted).  But based on the circumstances Mr. Sisk has presented, he has not shown that the Government has acted purposefully or oppressively in failing to transport him for competency treatment and restoration until it complied with the Court's Order to do so.  Mr. Sisk's Motion to Dismiss the Indictment, [Filing No. 139], based on Fed. R. Crim. P. 48 is **DENIED**.

In short, the Court finds that dismissal of the Indictment is not appropriate under either § 4241(d), the Due Process Clause, or Fed. R. Crim. P. 48.  Accordingly, the Court **DENIES** Mr. Sisk's Motion to Dismiss – both to the extent that it declines to dismiss the Indictment or to immediately release Mr. Sisk from custody.  [Filing No. 139.]

### III.
#### CONCLUSION

The Court acknowledges that ordering Mr. Sisk to be transferred so as to avoid a due process violation is not perfect – it likely results in another defendant somewhere else moving down the transport list so that Mr. Sisk can be placed.  *See* Filing No. 169 at 5-6 in *United States v. Fondren*, Cause No. 1:18-cr-00366-JRS-MJD (S.D. Ind. Jan. 22, 2024) ("The Court is loathe to bump [defendant] up ahead of others who are also awaiting placement.  And there will come a point in time, where courts have ordered so many defendants 'bumped up' that no one in the queue moves ahead and this remedy becomes futile."); *Lara*, 2023 WL 3316274, at *1 (noting that allowing defendant to "jump to the top of the admission list at FMC Butner" for competency evaluation caused disruption to other defendants awaiting transfer).  But based on the circumstances currently before it, the Court finds that the delay in transferring Mr. Sisk to FMC Butner does not warrant dismissal of the Indictment.  Accordingly, for the foregoing reasons, the Court **DENIES** Mr. Sisk's Motion to Dismiss Indictment and for Immediate Release From

Custody. [139.] The Court cautions the Government that this ruling is limited to the record before it, and a different record may compel a different result.

Date: 2/8/2024

*(signature)*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Joseph Martin Cleary
INDIANA FEDERAL COMMUNITY DEFENDERS
joe_cleary@fd.org

Leslie D. Wine
INDIANA FEDERAL COMMUNITY DEFENDERS
leslie_wine@fd.org

Kyle M. Sawa
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kyle.sawa@usdoj.gov